IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL JOHN HANSEN,
    Plaintiff,

vs.                                        Case No.: 3:15cv307/MCR/EMT

SCOTT SCHNEIDER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, commenced this action by filing a handwritten document captioned, "In Federal Court at Northern District, Pensacola, Florida," and naming the following four persons as Defendants: Scott Schneider, an agent of the federal Internal Revenue Service; M. Casey Rodgers, the Chief United States District Judge of this Court; Tiffany Eggers, an Assistant United States Attorney; and Charles J. Kahn, Jr., a United States Magistrate Judge of this Court (*see* ECF No. 1 at 1). Plaintiff claimed that Defendants "trespassed" upon his "property" and his freedom (*id.*). He further alleged Defendants are "administering" his "property" without the right or authority to do so (*id.*). Plaintiff claimed that he was falsely arrested on October 23, 2014, and has been falsely imprisoned since then (*id.*). He requested monetary damages in the amount of $10,000.00 for his false arrest, plus $150.00 per hour for each hour of his incarceration (*id.*).

On July 21, 2015, the court entered an order advising Plaintiff that his complaint was deficient in that it was not filed on the required Northern District form, and noting that Plaintiff had failed to submit a motion to proceed in forma pauperis or pay the $400.00 filing fee (ECF No. 2). The court advised Plaintiff that his case could not proceed until his complaint was filed on the proper form and he either paid the filing fee or filed a properly completed in forma pauperis motion with supporting documentation (*id.*). The court allowed Plaintiff thirty days in which to comply, and advised Plaintiff that failure to comply with the order as instructed would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court (*id.*).

More than thirty days passed, and Plaintiff had neither filed an amended complaint nor paid the filing fee or submitted a properly completed in forma pauperis motion. To the contrary, Plaintiff submitted a handwritten document in which he essentially informed the court that he had no intention of complying with its orders (*see* ECF No. 3). Therefore, on August 21, 2015, the court issued an order giving Plaintiff fourteen days in which to show cause why this matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court (ECF No. 4).

Plaintiff filed a response to the show cause order, seeking direction from the court as to the appropriate form he must use to file his complaint (*see* ECF No. 5). Plaintiff stated he did not wish to prosecute his claim in the United States District Court; instead, he wished to prosecute it in a "common law court of record" (*id.*). He stated he would not permit his "common law court of record case" to be "converted" to a federal district court action (*id.*).

On October 28, 2015, the court issued an order advising Plaintiff that the United States District Court for the Northern District of Florida is the federal court in the Northern District of Florida; therefore, his claim would be prosecuted in this court (ECF No. 7). The court advised that if Plaintiff did not wish to prosecute his claim in this court, he may file a notice of voluntary dismissal; however, if he wished to prosecute his action in this court, he must file his complaint on the court-approved form for use in civil rights cases filed under 28 U.S.C. § 1331 or 1346 and <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (*id.*). The court further advised Plaintiff that some of his claims were barred (*id.*). The court gave Plaintiff thirty days in which to file an amended complaint on the court-approved form, and to either submit a completed motion to proceed in forma pauperis or pay the filing fee (*id.*).

Case No.: 3:15cv307/MCR/EMT

Plaintiff filed a motion to proceed in forma pauperis (ECF No. 10). He also filed a "Reply" to the court's order of October 28, 2015, stating that he never commenced any action in federal court and had only "sent to the said court agents the/my action 'claim' is [sic] of the common law court of record as referenced in the bill of Rights of the U.S. Const. Art. 7" (ECF No. 9). Plaintiff further stated that he did not wish to invoke the authority of this court, and he did not consent to have his claim "converted, or diverted, to the lower jurisdiction" of this court (*id.*). He stated he only wished to exercise his right to convene a jury of the "common law" and to use a courtroom of this court to do so (*id.*). He stated, "I shall stay with my original 'claim'" (*id.*).

On December 7, 2015, the court issued an order giving Plaintiff thirty days in which to show cause why this action should not be dismissed for his failure to comply with the court's order of October 28, 2015, directing him to file an amended complaint on the court-approved form (*see* ECF No. 11).

Plaintiff filed a response to the show cause order, stating that he was not "astute" as to the form his claim must take so that his "common law court of record action" may proceed (ECF No. 13). He stated he wished to personally meet with the undersigned to "get informed" as to the proper form his claim must take, and that he

would call the undersigned's chambers and the clerk's office to make an appointment (*id.*).

On January 7, 2016, the court issued an order determining that Plaintiff failed to show cause for his failure to comply with the court's order of October 28, 2015 (*see* ECF No. 14). The court noted that the October 28 order very clearly advised Plaintiff as to propr form his claim must take, specifically, it must be presented on the court-approved complaint form for civil rights cases brought under 28 U.S.C. § 1331 or 1346 and <u>Bivens</u>. However, prior to recommending dismissal of this case for Plaintiff's failure to comply with the October 28, order, the court provided him one final opportunity to comply. The court instructed Plaintiff that if he wished to pursue this lawsuit, he must file an amended complaint on the court-approved complaint form for civil rights cases brought under 28 U.S.C. § 1331 or 1346, and the court directed the clerk to send Plaintiff the appropriate complaint form (*see* ECF No. 14). The order of January 7, 2016, directed Plaintiff to file an amended complaint on the court-approved form within thirty days, and the order emphasized that Plaintiff's failure to comply would result in a recommendation of dismissal of this action (*id.*).

On January 29, 2016, Plaintiff filed a response to the January 7, 2016 order (*see* ECF No. 16). He repeats his arguments that he is not filing a complaint in federal

court; rather, he is filing a "claim . . . to be determined by a common law court of record jury" (*id.* at 1). He states, "I wish to pursue my claim for damages, but only by common law court of record, a free peoples jurisdiction" (*id.*). He repeats his request to meet with the undersigned "so that she can aid me to move my claim without taking on a U.S. court jurisdiction, but only the free peoples jurisdiction of common law" (*id.* at 2).

The record clearly demonstrates Plaintiff's unwillingness to comply with the court's directive that he file his complaint on the court-approved form, as required by the Local Rules of this court, *see* N.D. Fla. Loc. R. 5.7(A). Plaintiff was clearly warned that his failure to comply would result in a recommendation of dismissal of this action, yet he has expressly stated he does not intend to comply. Therefore, the undersigned recommends dismissal of this case, without prejudice to Plaintiff's re-filing, should he decide he is willing to follow the court's directives.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

Case No.: 3:15cv307/MCR/EMT

At Pensacola, Florida, this 10th day of February 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.: 3:15cv307/MCR/EMT